UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VINCENT J. DEMAILLE,

                Plaintiff,

                                **ORDER**
    -against-                          CV 06-6196 (JS)(ARL)

NASSAU COUNTY, EDWARD RIELLY,
SHERIFF OF NASSAU COUNTY
CORRECTIONAL CENTER, NASSAU HEALTH
CARE CORPORATION, and DR. KANTH,

                Defendant.

-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

On June 9, 2008, the undersigned was forwarded the *pro se* plaintiff's motion to compel documents, which was incorrectly addressed to Judge Seybert. The plaintiff sought to compel the production of the following documents:

    (1) security log books maintained during two separate incarcerations;

    (2) all video and audio recordings made during his two incarcerations, specifically recording made on August 20, 2006, August 24, 2006, October 3, 2006 and October 4, 2006;

    (3) a list of every inmate housed with him on October 3, 2006;

    (4) the names, addresses, phone numbers and personnel files of all SERT team, B3 unit and medical unit officers that were involved in the October 3, 2006 incident;

    (5) all inmate grievances filed against the medical department for the last three years; and

    (6) all complaints filed against the medical director by senior ranking correctional officers and medical personnel concerning delays in treatment.

At the court's request, the defendant's have now addressed each of the plaintiff's requests and the court makes the following rulings based on the parties' submissions:

    (1) The plaintiff's request to compel the defendants to produce copies of the security log books maintained during his two incarcerations is denied as overly broad. However, the defendants shall provide the plaintiff with copies of those pages reflecting the name of any supervisor on duty when the relevant sick call requests were made.

(2) The plaintiff's request to compel the defendants to produce copies of 11 months worth of video and audio tapes is also denied as overly broad. The defendants have nonetheless agreed to conduct a search for video and audio tapes taken on the four above-referenced dates when the plaintiff alleges certain incidents took place.

(3) The plaintiff's request to compel the defendants to produce the names, addresses and phone numbers of every inmate housed in his unit on October 3, 2006 is denied. The defendants are correct that providing such information would frustrate the twin policies of protecting prisoners from the "prying eyes" of other inmates and from shielding them from information that could implicate prison security. *See Bass v. Grottoli,* 1996 U.S. Dist LEXIS 11531 *9 (S.D.N.Y. Aug. 12, 1996). The plaintiff may resubmit a significantly narrowed request to the extent he seeks to learn the identity of potential witnesses.

(4) The plaintiff's request to compel the defendants to produce the name, rank, disciplinary records, addresses and phone numbers of all correctional officers involved in the October 3, 2006 incident is denied, in part. The defendants are to provide the plaintiff with a list of the names of the officers involved in the incident. As the defendants have suggested, the officers can then be contacted through the County Attorney's Office. The defendants need not provide the balance of the information sought.

(5) Finally, the plaintiff's request to compel the defendants to produce all grievances submitted against the medical department for the last three years and all complaints received by the medical director from correctional and administrative personnel concerning failure to address inmates medical needs and complaints, is denied. The defendants have already produced any complaints and grievances that pertain to the plaintiff.

Dated: Central Islip, New York  
       June 19, 2008

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge