UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT J. DEMAILLE,

                 Plaintiff,               **ORDER**
                                                                           CV 06-6196(JS)(ARL)

      -against-


NASSAU COUNTY, EDWARD REILLY,
SHERIFF OF NASSAU COUNTY
CORRECTIONAL CENTER, NASSAU HEALTH
CARE CORPORATION and DR. KANTH,

                 Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion for reconsideration of the undersigned's June 19, 2008 order, which denied the plaintiff's request to compel the defendants to produce certain documents. Also before the court is the plaintiff's letter dated July 15, 2008 addressing the same issue. The defendants oppose the motion by letter dated July 10, 2008. Upon reconsideration, the court adheres to its original ruling.

      As a threshold matter, the court rejects the defendants argument regarding the timeliness of the motion. When computing any time period specified in any local rule, court order or statute, intermediate Saturdays and Sundays are not included when the period is less than eleven days. *See* Fed. R. Civ. P. 6(a)(2). Accordingly, even if the plaintiff's time to move was not extended due to the fact that the order was mailed, the application was timely.

      Nonetheless, to succeed on this motion for reconsideration, the plaintiff must show that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See* Local Civil Rule 6.3. "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *L.I. Head Start Child Development Services, Inc. v. Kearse,* 96 F. Supp. 2d 209, 211 (E.D.N.Y. 2000) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256-57 (2d Cir. 1995)). A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail. *See id.* at 211-212; *see also PAB Aviation, Inc. v. United States,* 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation,* 2000 U.S. Dist. LEXIS at *2-3.

The plaintiff argues that the court's denial of his motion to compel security log books maintained by the prison during his two incarcerations will hinder him from proving that the defendants failed to properly prescribe medication to inmates. In opposition to the initial motion, the defendants explained that the security log books did not contain any information regarding inmate complaints; rather the security books consist of "the name of the housing area in which supervision is being maintained, the name of staff conducting supervision, the date and time supervision is conducted and ends, when the determination for additional supervision is required and significant events that occur during supervision. The court agreed that the request for the production of all security log books maintained during the plaintiff's two incarceration was therefore beyond the scope of appropriate discovery. As such, the defendants were directed only to produce the copies of pages from the security log books that reflected the name of any supervisor on duty when the plaintiff's relevant sick call requests were made.

On this motion, the plaintiff contends that the defendants' description of the security log books is a blatant lie. This contention does not provided a sufficient basis for the court to alter

its prior decision. Moreover, the defendants have explained that while the log books record when prison personnel arrive to a housing unit, the log books do not contain records of inmate complaints. Nonetheless, recognizing that the plaintiff is seeking information concerning the failure to prescribe medication at appropriate times, the defendants have indicated that they have provided the plaintiff with an additional copies of medication sheets and administrative records, which include information concerning the date, time, and name of the person who administered medication to the plaintiff.

The plaintiff also seeks to have the court reconsider its determination regarding the request for video and audio tapes. On this motion, the plaintiff clarifies that he was not looking to retrieve eleven months worth of tapes but only for video and audio tapes of his incidents. As previously stated, the defendants have agreed to conduct a search for video and audio tapes taken on four separate days when the plaintiff's incidents took place. Finally, the plaintiff has indicated that he cannot, in the interest of justice, narrow his request regarding the names, addresses and phone numbers of the inmates on his unit. But, the court will not require a broader production.

Also before the court is the joint application of all the parties for an extension of the discovery deadlines. That request is granted. All discovery, inclusive of expert discovery, is to be completed by November 17, 2008. Any party planning on making a dispositive motion shall take the first step in the motion process by December 1, 2008. The final conference scheduled for August 18, 2008 is adjourned to December 10, 2008 at 11:00 a.m.

Dated:  Central Islip, New York
       July 17, 2008

**SO ORDERED:**
_____/s_____

ARLENE ROSARIO LINDSAY
United States Magistrate Judge