```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VINCENT J. DEMAILLE,

                        Plaintiff,
                                                    **ORDER**
        -against-                                   CV 06-6196 (JS)(ARL)

NASSAU COUNTY, EDWARD RIELLY,
SHERIFF OF NASSAU COUNTY
CORRECTIONAL CENTER, NASSAU HEALTH
CARE CORPORATION, and DR. KANTH,

                        Defendant.
-------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the plaintiff's motion to compel dated February 20, 2009. The plaintiff seeks to compel the production of the following documents and/or responses:

(1) the names, addresses, and phone numbers of six inmate witnesses identified by the defendants;

(2) contact information for fourteen additional inmate witnesses;

(3) information concerning the plaintiff's "escape risk designation";

(4) security log book records from unit B3 and B-3d from 10/9/06 and 10/10/06;

(5) responses to his interrogatory seeking the identity of a correctional officers;

(6) security log books for the medical infirmity unit on 10/3/06 and 10/4/06; and

(7) documents reflecting complaints made by the plaintiff to the Sheriff's Complaint Hotline and the District Attorney's Complaint Hotline.

In addition, the plaintiff seeks to extend the discovery deadline. The defendants have responded to the request by letter dated February 25, 2009. The plaintiff has also submitted a reply, which will not be considered by the court. The reply violates Local rule 37.3. For the reasons set forth below, the plaintiff's motion is granted, in part.

As a threshold matter, the defendants object to the letter application because it exceeds the

three page limit set by the local rules. Although the defendants are correct, the court will consider the motion. However, the plaintiff is warned that his *pro se* status does not exempt him from following the court's procedural rules and, in the future, submissions that violate either the local rules or the individual rules of the undersigned, will be rejected.

In June 2008, the court denied the plaintiff's motion to compel the production of the names, addresses and phone numbers of every inmate housed in his unit on October 3, 2006. The court directed the plaintiff to significantly narrow his request, which he did. Nonetheless, the defendants still argue that providing the inmates' addresses and telephone numbers of the six witnesses raises security concerns at the prison. Balancing the need to maximize the plaintiff's access to sources of probative evidence and the security concerns raised by the defendants, the court will not require the defendants to supply the inmates' addresses and telephone numbers. However, the court will permit the plaintiff to prepare written deposition questions for the six inmate witnesses and provide them to counsel for the defendants or to take the deposition of the inmates by telephone. *See* Fed. R. Civ. P. 31; *see also Beckles v. Artuz,* 2005 U.S. Dist LEXIS 4827 (S.D.N.Y. Mar. 25, 2005). If the plaintiff chooses to send written questions, the plaintiff shall send the questions to counsel for the defendants who will then forward the written questions to the last known addresses of the six inmate witnesses. Should these witnesses answer the questions, the defendants will the be given an opportunity to cross-examine by written question. *Id.* If the plaintiff wishes to proceed with a telephone deposition, counsel for the defendant shall attempt to arrange for the telephone depositions. The plaintiff shall then arrange to have the depositions tape-recorded. The plaintiff is to consider whether it will be more practical to conduct the deposition by written questions or by telephone.

The plaintiff's request for contact information for fourteen additional witnesses is denied. The court agrees that the "new" request violates the court's prior order requiring the plaintiff to

narrow his request "from 17 witnesses." In addition, the defendant has indicated that with the exception of one inmate, the witnesses named by the plaintiff are no longer within the defendants' custody or control. Similarly, the plaintiff's request for documentation supporting his "escape risk designation" from 1992 is denied. The court agrees that the designation is too remote in time to be relevant to the plaintiff's instant action.

The plaintiff's request for security log book records for unit B3 and the Behavior Modification Unit on B3-d for the 12 a.m. to 8 a.m shift on October 9 and 10, 2006, is also denied. The plaintiff argues that records will show that another inmate, who had not received his evening medication "was treated properly and with respect" as compared to the way in which the plaintiff was treated. The court agrees that these records are not relevant to the plaintiff's claims. However, the defendants are directed to provide the plaintiff with pages from the log book for the medical unit infirmary for the 4 p.m. to 12 a.m. shift on October 4, 2006. Despite the fact that the request was untimely, the request is consistent with productions previously ordered by the court and appears to have been made after the plaintiff received supplemental discovery from the defendants.

With respect to the plaintiff's demand for the identity of correctional officers working on the medical unit during the 4 p.m. to 12 a.m. shift on October 3, 2006 and during the 12 a.m. to 8 a.m. shift on October 4, 2006, the defendants have agreed to provide the plaintiff with the information he seeks. Similarly, the defendants are attempting to locate the documents concerning the various hotline calls.

The plaintiff's request for an extension of the discovery deadline is denied. The court does not believe that the defendants are "deliberately delaying this action." The parties are to exchange, as soon as possible, any outstanding responses to discovery, including the responses outlined in this order and to arrange for the depositions. The parties are barred from serving any

new requests with the exception of the written interrogatories to the six inmate witnesses. The final conference will go forward as scheduled on March 30, 2009, absent an indication from either party that settlement is not possible. Given the court's ruling, the proposed joint pretrial order may be submitted by April 30, 2009. The case will be returned to the District Judge upon receipt of the proposed pretrial order.

Dated: Central Islip, New York
       March 23, 2009

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge